## Abromowitz v. Philadelphia

*Sidney Leabman,* for plaintiff.

*Allen White,* Assistant City Solicitor, for original defendant.

*James McEldrew,* for additional defendants.

TAKIFF, *J.,* February 5, 1976.—On August 14, 1970, plaintiff filed a complaint in trespass for personal injuries sustained in a slip and fall on February 19, 1970, at a construction site allegedly in possession and control of defendants. On December 30, 1970, plaintiff served interrogatories on the City of Philadelphia. In May of 1971, there was a stipulation of cousel to join John Meehan & Son and General Asphalt Paving Company as additional defendants. There being no docket entries between January 24, 1973, and May 14, 1975, the case was dismissed for lack of prosecution pursuant to Philadelphia Civil Rules 1047*A and *350(1). On September 4, 1975, plaintiff attempted to file a certificate of readiness for arbitration and thereupon received actual notice of the dismissal. On September 25, 1975, plaintiff filed a petition to vacate the order of dismissal; the order was vacated, without prejudice to defendants to file a motion to dismiss, which motion is now before us.

Plaintiff, in reply to this motion, submits the affidavit of a former associate of plaintiff's counsel, in which he states that during the period between January 24, 1973, and May 14, 1975, the case was actively prosecuted as follows:

4/ 6/73—plaintiff's deposition was taken in the office of counsel for the additional defendants.

> 7/19/73—affiant wrote the Assistant City Solicitor and requested that the City answer outstanding interrogatories addressed to it. On 8/9/73 the Assistant City Solicitor informed affiant in writing that interrogatories would be answered "as soon as possible."
>
> 10/11/73—affiant again wrote requesting answers and the Assistant City Solicitor called affiant and informed him that answers would be filed.
>
> 7/22/74—affiant again requested answers from the original defendant and again was informed by phone that they would be filed.
>
> 9/10/74—affiant again made written request for answers.
>
> 2/5 and 8/5—affiant again requested answers.

No motion for sanctions against the City of Philadelphia was filed because that defendant gave repeated assurances that answers would be filed.

In my opinion, plaintiff's conduct is properly characterized as failure to actively prosecute the case as to the additional defendants who alone are the present movants. The attempts to secure answers to interrogatories from the original defendant, undocumented except by affidavit, were clearly insufficient and patently unproductive, in view of the fact that these interrogatories had been served on December 30, 1970. At the time of the dismissal, the unanswered interrogatories had been outstanding for four and one-half years and the only trial activity insofar as the additional defendants were concerned was their deposition examination of plaintiff on April 6, 1973. Diligent

prosecution of the case required the filing of a motion for sanctions and appropriate procedural implementation to bring the case to trial. While professional courtesy as to one of the adverse parties may be seemly as to that party, it may well end up as a disservice to the plaintiff and to the additional defendants. Forbearance from use of the mechanisms provided by the procedural rules is neither virtuous patience nor aid to crowded dockets when the result is such extreme delay as is here present. Wherefore, we enter the following

## ORDER

And now, February 5, 1976, it is ordered and decreed that plaintiff 's cause of action in the above-captioned matter be and hereby is dismissed with prejudice as to the additional defendants, John Meehan & Son and General Asphalt Paving Co.